# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2010

No. 09-51107
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENIL FERGUSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-315-1

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Enil Ferguson appeals the 57-month sentence imposed in connection with his guilty-plea conviction for being found in the United States following deportation in violation of 8 U.S.C. § 1326. Ferguson argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) and that he should have been sentenced below the guidelines range. He argues that his personal history and characteristics and his motives for reentering the United States support a sentence below the guidelines range. Ferguson cites

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Kimbrough v. United States*, 522 U.S. 85 (2007), and argues that this court should not accord the sentence a presumption of reasonableness because the illegal reentry guideline is not supported by empirical data. Ferguson argues that the sentence did not account for the sentencing disparity caused by the lack of a fast-track program in the Del Rio division of the Western District of Texas.

The substantive reasonableness of Ferguson's sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2009). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

As Ferguson concedes, his argument that this court should not accord his within-guidelines sentence a presumption of reasonableness because the applicable guideline is not supported by empirical data is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied,* 130 S. Ct. 378 (2009)*; United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

Ferguson argues that the 57-month sentence failed to account for the sentencing disparity caused by the lack of a fast-track program. He concedes that this argument also is foreclosed by circuit precedent. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008).

Ferguson's assertions regarding his personal history and characteristics and his motives for reentering the United States are insufficient to rebut the presumption of reasonableness. *See id*. at 565-66. Ferguson has not demonstrated that the district court's imposition of a sentence at the bottom of the guidelines range was an abuse of discretion.

The district court's judgment is AFFIRMED.